Argued March 14, reversed March 28, 1916.

# BENVIE *v.* PORTLAND RY., L. & P. CO.

### (156 Pac. 266.)

**Carriers—Personal Injuries—Setting Down Passenger—Proximate Cause.**

1. In an action for personal injuries in alighting from defendant's car, a complaint alleging that defendant negligently failed to provide a suitable step, in that the step was placed too high from the ground, and that as plaintiff, a woman weighing 200 pounds, placed one foot on the lower step, her weight was thrown on that foot before her other foot reached the ground, whereby the tendons, muscles, etc., of that foot were torn, bruised and wrenched, stated no cause of action, as it showed that plaintiff's weight was the proximate cause of the injury, which would have been the same regardless of the height of the step.

[As to duty of carriers when discharging passenger, see note in 118 Am. St. Rep. 471.]

From Clackamas: JAMES U. CAMPBELL, Judge.

Department 1.   Statement by MR. JUSTICE BENSON.

This is an action by Valeria G. Benvie against the Portland Railway, Light & Power Company, a corporation, for damages resulting from personal injuries in alighting from one of defendant's interurban cars. The complaint, after stating the formal and jurisdictional facts, alleges, in substance, that plaintiff was a passenger on defendant's car, and that defendant negligently failed to provide a suitable step on such car, in that the same was placed at too great a distance from the ground.   These allegations are followed by a statement of the facts which resulted in the injury, in this language:

"That on arriving at the station of Concord, in Clackamas County, Oregon, plaintiff herein proceeded to alight from the said car, and that as she attempted to dismount from the said step provided by defendant corporation for the purpose of enabling its passengers to leave the said car plaintiff herein, who is a large

woman and weighs about 200 pounds, placed one foot on the lower board of said step and stepped off with the other to the ground.

"That on account of the great distance between the lower board of the said steps and the ground, before plaintiff's foot reached the ground, all of her weight was thrown upon the limb remaining upon the said step, and as a result thereof the tendons, muscles and flesh of plaintiff's said limb gave way and were torn, bruised, wrenched and twisted."

The remainder of the pleading is devoted to a description of injuries received and a prayer for judgment. Defendant filed an answer consisting of general denials, and a trial was had wherein, at the close of plaintiff's testimony, defendant moved the court for a judgment of nonsuit upon the ground, *inter alia,* that the complaint fails to state a cause of action against the defendant. This motion was denied, and the trial resulted in a verdict and judgment for plaintiff, from which defendant appeals.      REVERSED.

For appellant there was a brief over the names of *Mr. F. J. Lonergan* and *Messrs. Griffith, Leiter & Allen,* with an oral argument by *Mr. Lonergan.*

For respondent there was a brief over the name of *Messrs. Brownell & Stone,* with an oral argument by *Mr. William M. Stone.*

MR. JUSTICE BENSON delivered the opinion of the court.

1. There are several assignments of error, but we shall consider but one, and that is the action of the court in denying the motion for a judgment of nonsuit. It will be observed that the proximate cause of the accident is alleged to be that by reason of the great

distance between the step and the ground, "before plaintiff's foot reached the ground, all of her weight was thrown upon the limb remaining upon the said step, and as a result thereof the tendons, muscles and flesh of plaintiff's said limb gave way and were torn, bruised, wrenched and twisted." It is an indisputable physical fact that, so far as this allegation goes, the entire weight would have been thrown upon the limb remaining upon the step even if the latter had been within four inches of the ground, or, indeed, even if plaintiff had been walking upon a level surface, and therefore, without some further recital of facts than as disclosed by the pleading, the height of the step could not have had anything to do with the result, and the complaint does not state facts constituting a cause of action.

We therefore conclude that it was error to deny the motion for judgment of nonsuit.

The judgment will be reversed, and a judgment of nonsuit entered here without prejudice.

REVERSED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BURNETT and MR. JUSTICE McBRIDE concur.